IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WANDA M. GREER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     No. 3:17-CV-1442-D |
| | ) |
| SHARON WILSON, | ) |
|     Defendant. | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I. Background

Plaintiff has filed an unspecified complaint. She is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*. Defendant is former Tarrant County judge Sharon Wilson. The Court has not issued process pending judicial screening.

In 1992, Plaintiff's common law husband, Tim Caldwell, was convicted of burglary of a building and sentenced to prison. He also was placed on deferred adjudication probation for burglary of a habitation. Plaintiff alleges that Defendant Wilson unlawfully caused the two sentences to be served consecutively. In 2000, Tim Caldwell's deferred adjudication was revoked and he was sentenced to life in prison.

Plaintiff states she filed this complaint for violation of Tim Caldwell's rights. She seeks a corrected sentence for Tim Caldwell and an investigation of Defendant Wilson's actions.

**Findings and Conclusions of the**
**United States Magistrate Judge**      Page -1-

## II. Screening

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

## III. Discussion

### 1.     Standing

Plaintiff states she filed this complaint for violation of her common law husband's rights. Plaintiff, however, does not allege that she is a licensed attorney. She therefore lacks standing to litigate such a claim. *See Kennedy v. Dallas Police Dep't,* No. 3:06–cv–716–G, 2007 WL 30260, at *2 (N.D.Tex. Jan.4, 2007) (plaintiff may bring Section 1983 action only for deprivations he himself has suffered); *see also White v. Simpson,* No. 3:04–cv–728–D, 2004 WL 2049306, at *2 (N.D.Tex. Sept.13, 2004) (same). A plaintiff may not bring a lawsuit on behalf of his or her spouse. *See, e.g., Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.*, No. 3:09–cv–346–O,

2009 WL 2058446, at *2 (N.D.Tex. July 14, 2009) ("Although a litigant has the right to proceed in federal court as his or her own counsel, *see* 28 U.S.C. §1654, individuals who do not have a law license may not represent other parties even on a next friend basis."). The complaint should therefore be dismissed for lack of standing.

2.  **Relief**

Plaintiff also seeks relief that is not available in this complaint. To the extent that she seeks to challenge a criminal sentence, such relief must be brought in a petition for writ of habeas corpus. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (stating that a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). The Court notes that Tim Caldwell previously filed three habeas corpus petitions challenging his sentences. *See Caldwell v. Cockrell*, No. 4:02-CV-326-A (N.D. Tex.), *Caldwell v. Cockrell*, No. 4:03-CV-100-Y (N.D. Tex.); and *Caldwell v. Thaler*, 4:12-CV-707-A (N.D. Tex.).

To the extent Plaintiff seeks an investigation of former judge Sharon Wilson, investigations and the prosecution of state and federal offenses fall within the exclusive jurisdiction of the executive branch of the state and federal government. *Green v. Revel*, No. 2:09-CV-0147, 2010 WL 597827 at *2 (N.D. Tex. Feb. 19, 2010). Further, under 42 U.S.C. § 1983, judges have absolute immunity for actions taken within the scope of their jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996); *Imber v. Pachtman*, 424 U.S. 409, 427 (1976). Plaintiff's complaint should therefore be dismissed.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

## IV. Recommendation

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 25 day of July, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).